UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THOMAS R. JACKSON | CIVIL ACTION |
| VERSUS | NO: 05-2538 |
| SLIDELL MEMORIAL HOSPITAL AND MEDICAL CENTER | SECTION: "K"(3) |

### ORDER

Before the Court is the Motion for Reconsideration of Defendant Slidell Memorial Hospital, wherein Defendant requests the Court to reverse its Order (Rec.Doc.No. 54) denying the hospital's Motion for Summary Judgement (Rec.Doc.No. 18). Specifically, Defendant contends that there is no genuine issue of material fact as to whether Slidell Memorial caused Plaintiffs' damages, in that, only Dr. Clavin can be responsible given that she was sent a fax indicating the non stress test was non reactive at 5:48 p.m. After reviewing the pleadings, memoranda, and relevant law, the Court hereby denies the Motion for Reconsideration for the reasons assigned herein.

The instant Motion to Reconsider was brought pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. This Court has recognized four grounds upon which a Rule 59(e) motion may be granted: (1) to correct manifest errors of law or fact upon which judgment is based, (2) the availability of new evidence, (3) the need to prevent manifest injustice, or (4) an intervening change in controlling law. *Peterson v. CIGNA Group Ins.*, 2002 WL 1268404, at *2. The Court has further recognized that "[r]econsideration of a judgment is an extraordinary

remedy which courts should use sparingly," *id.*, (*see* Wright, Miller & Kane, *Federal Practice & Procedure*: Civil 2d § 2810.1, p.124; *Fields v. Pool Offshore, Inc.*, 1998 WL 43217 (E.D. La. Feb. 3, 1998); *Bardwell v. Sharp*, 1995 WL 517120, at 1 (E.D. La. Aug. 30, 1995), and the Fifth Circuit Court of Appeals has instructed that the standard for Rule 59(e) "favors denial of motions to alter or amend a judgment." *Id.* (*quoting Southern Contractors Group, Inc., v. Dynalectric Company*, 2 F.3d 606, 611 (5th Cir.1993)).

  The Court heard oral argument with regard to the Motion for Summary Judgment on March 21, 2007. Defendant Slidell Memorial contended that Plaintiff failed to submit an expert report that could establish Slidell Memorial's standard of care and a breach thereof. The Court found that the deposition testimony of the Slidell Memorial nurses established the hospital's standard of care and potential breach. Specifically, the Court noted that the hospitals procedures allegedly required that the non stress test be read by a labor and delivery nurse and that faxing the non stress test results to Dr. Clavin may not have been sufficient to discharge the hospitals obligations to Mrs. Jackson, given *inter alia*, the time of day, the nature of the medical emergency, the medical history of the patient, the and competence of the nurse performing the test to interpret the results.

  Despite the fact that causation was not initially raised in the motion for summary judgment, the Court inquired during oral argument as to whether there is an issue of fact as to when Dr. Clavin received actual notice of the non stress test results, which ultimately went to whether Slidell Memorial could be held liable for Plaintiffs' damages. It is abundantly clear that she received a fax at 5:48 p.m.; however, there is certainly a genuine dispute as to when she became aware of the fax or otherwise became aware of the non stress test results performed on

Martha Jackson. Thus, given that there was expert testimony opining the cause of Plaintiffs' damages was the untimeliness of the order to perform a Caesarean section on Martha Jackson, the Court found that there existed a genuine issue of material fact as to whether Slidell Memorial contributed to the delay in the order to operate by not properly communicating the results of the non stress test to Dr. Clavin or other appropriate hospital personnel. Accordingly,

**IT IS ORDERED** that the Motion for Reconsideration of the Court's Order denying Defendant Slidell Memorial's Motion for Summary Judgment is hereby **DENIED**.

New Orleans, Louisiana, on this  27th  day of March, 2007.

**STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT COURT JUDGE**